1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENGE LEMO GAHANO,

                 Plaintiff,

   v.

STEPHEN LANGFORD,

                 Defendants.

Case No. C20-5451 TSZ-TLF

ORDER GRANTING EXTENSION
OF TIME TO AMEND COMPLAINT
AND RESPOND TO MOTION TO
DISMISS; REPORT AND
RECOMMENDATION TO DENY
MOTION FOR INJUNCTIVE
RELIEF

Noted for: **November 27, 2020**

       This matter comes before the Court on plaintiff's Motion for Extension of Time to Amend Complaint and Respond to Defendant's Motion to Dismiss. Dkt. 26. Defendant ICE's motion to dismiss is currently under advisement. Defendants have not responded.

       On September 30, 2020, the Court granted plaintiff's motion for leave to amend his complaint to add former Attorney General Jeff Sessions as a defendant. Dkt. 23. The Court's Order also extended the briefing schedule for defendant ICE's motion to dismiss. The deadline for amendment was set for October 21, 2020, and the motion to dismiss was re-noted for disposition on October 30, 2020.

       Plaintiff, a detainee at the Northwest Detention Center in Tacoma ("NDC"), asks the court for an extension of both deadlines due to restrictive time limits for detainees to access the NDC's legal resources. Dkt. 26, at 3. Plaintiff asserts that he is currently

ORDER GRANTING EXTENSION OF TIME TO AMEND
COMPLAINT AND RESPOND TO MOTION TO
DISMISS; REPORT AND RECOMMENDATION TO
DENY MOTION FOR INJUNCTIVE RELIEF - 1

1    prevented from the use of the center's library computers and must instead use a tablet

2    for legal research and to serve filings on the Court in two-hour increments. *Id.* at 4, 7.

3    Plaintiff also indicates that deadlines in other cases he is pursuing before this Court

4    impede his ability to respond in a timely manner in this action, and that physical

5    ailments (a shoulder injury and chest pain) contribute to his difficulties responding to the

6    Court's order. *Id.* at 5.

7        In addition, plaintiff asserts that defendant Portillo has prevented plaintiff from

8    fully accessing legal research resources in retaliation for this lawsuit. Dkt. 26, at 4.

9    Plaintiff has submitted a copy of an August 14, 2020 memorandum promulgated by

10   defendant Portillo, which set out rules concerning detainee access to a tablet computer.

11   *Id.* at 7. Plaintiff claims that these rules setting time limits on detainee access to

12   electronic legal resources are a retaliatory response to plaintiff's litigation against

13   defendant Portillo. *Id.* at 4, 8. Additionally, plaintiff asserts that the tablets only provide

14   access to immigration law cases, as opposed to the full database of state and federal

15   law available on the computers formerly in use at NDC. *Id.* at 8.

16       Plaintiff requests an extension of 60 days to amend his complaint and to respond

17   to defendant ICE's motion to dismiss. He also seeks injunctive relief in two forms: First,

18   that the Court order defendant Portillo not to retaliate against plaintiff, and second, that

19   the Court enjoin the NDC to assign plaintiff his own tablet for legal research for use in

20   this litigation. Dkt. 26, at 2.

21       The Court grants plaintiff's motion for extension of time to file a second amended

22   complaint. After plaintiff files a second amended complaint, the Court will set the briefing

23   schedule concerning defendants' motion to dismiss (assuming the motion to dismiss

24

25

- 2

does not become moot after plaintiff files the amended complaint), in recognition of the circumstances limiting plaintiff's access to legal research.

The Court recommends that plaintiff's motion for preliminary injunctive relief should be denied. Because the motion has characteristics of a dispositive order, this portion of the disposition is a Report and Recommendation to the Honorable Thomas S. Zilly.

Plaintiff has failed to establish a basis for the "extraordinary remedy" of injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction[1], a party must demonstrate, among other factors, that he will likely suffer irreparable harm in the absence of preliminary relief. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018). A plaintiff may not obtain an injunction merely because an irreparable injury is possible, the plaintiff must show that the irreparable injury is likely in the absence of preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (citing *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)).

Plaintiff's concerns regarding tablet usage at NDC has presented an alleged violation of his First Amendment right of access to courts, but he alleges only speculative injury – that is, he might less effectively litigate this action. Yet the right of

---

[1] Temporary restraining orders are governed by the same standard as preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 829 n. 7 (9th Cir. 2001).

access to courts is a right to file a complaint to the Court, not a right to the most effective litigation of a complaint. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Plaintiff has not shown that he would suffer actual, irreparable injury from time-restricted tablet use. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (citation omitted) (explaining, "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim of denial of access to courts).

It is therefore ORDERED: plaintiff's deadline for filing a second amended his complaint is: **December 30, 2020**. The defendant's motion to dismiss shall be re-noted by the Clerk of the Court, if necessary, for the motion docket on **January 22, 2021**.

The Court also issues this Report and Recommendation that plaintiff's motion for preliminary injunctive relief should be denied. The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 27, 2020**, as noted in the caption.

Dated this 2nd day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge

- 4