UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENGE LEMO GAHANO,<br><br>              Plaintiff,<br><br>   v.<br><br>STEPHEN LANGFORD, et al.,<br><br>              Defendants. | CASE NO. C20-5451 MJP-MLP<br><br>ORDER REASSIGNING MAGISTRATE JUDGE AND APPOINTING COUNSEL |

The Court sua sponte refers this matter to Magistrate Judge Michelle L. Peterson for all further proceedings. The Court does so to conserve judicial resources given that Magistrate Judge Peterson is already assigned to another matter that Plaintiff Gahano pursues (C20-1094-MJP-MLP). All future documents shall bear the case number C20-5451-MJP-MLP.

The Court also reconsiders sua sponte Plaintiff's Motion to Appoint Counsel, which was previously denied without prejudice. (Dkt. No. 24.)

"In proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel'"—a decision within the Court's sound discretion. Agyeman

v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). In considering a motion to appoint counsel, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court finds that appointing counsel is appropriate at this stage of the proceedings. The Court previously denied Plaintiff's motion to appoint counsel, finding that Plaintiff could articulate his claims pro se, that the first amended complaint's allegations were not complex, and that there was not a likelihood of success on the merits. (Dkt. No. 24.) Plaintiff has now filed a Second Amended Complaint, which raises more complex issues of law and fact, and which could also implicate issues in Plaintiff's pending § 2241 habeas case (C20-1094 MJP-MLP) in which Plaintiff also seeks appointment of counsel. A review of the Second Amended Complaint suggests that there is some likelihood of success on the merits. And the Court finds that appointed counsel would considerably assist in the efficient prosecution of this matter. The Court therefore GRANTS Plaintiff's motion (Dkt. No. 8) and refers this matter to Pro Bono Panel to represent Plaintiff. After that, the Court will issue an order appointing an attorney, should one be identified.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 6, 2021.

Marsha J. Pechman
United States District Judge