UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENGE LEMO GAHANO,

                Plaintiff,

    v.

STEPHEN LANGFORD, et al.,

                Defendants.

Case No. C20-5451-MJP-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. On December 29, 2020, Plaintiff Denge Leme Gahano ("Plaintiff") filed a second amended complaint alleging several violations of his constitutional rights stemming from his civil detainment by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Pl.'s Second Am. Compl. ("SAC") (Dkt. # 33) at 5-19.) On January 19, 2021, the GEO Group Defendants and ICE both separately filed motions to dismiss Plaintiff's SAC, pursuant to Federal Rules 8(a), 12(b)(1) and 12(b)(6), arguing that Plaintiff failed to state a claim or any form of cognizable relief against Defendants ("Defendants' Motions"). (Def. Mot. (Dkt. # 42) at 4-6; Defs. Mot. (Dkt. # 43) at 2-4.) Plaintiff's appointed pro bono counsel has

REPORT AND RECOMMENDATION - 1

since agreed with Defendants' position in his response to Defendants' Motions. (Pl.'s Resp. (Dkt. # 54) at 1.)

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that Defendants' Motions (dkt. ## 42-43) be GRANTED, and that this action be dismissed.

## II.   BACKGROUND

On July 7, 2020, Plaintiff filed an amended complaint for violation of his civil rights under both *Bivens and* 42 U.S.C. § 1983. (Dkt. # 10.) Plaintiff named as GEO Group Defendants: (1) Facility Administrator Stephen Langford; (2) Assistant Administrator Bruce Scott; (3) Facility Major Leeroy Portillo; (4) Facility Sergeant "Hillin"; (5) Landry Tom; and (6) Facility Lieutenant Sergeant "Wheeler." (*Id.* at 1-3.) Plaintiff additionally named ICE as a federal Defendant. (*Id.*)

On July 7, 2020, the Honorable Theresa L. Fricke directed service of Plaintiff's amended complaint to named Defendants. (Dkt. # 11.) On September 25, 2020, Defendant ICE filed a motion to dismiss Plaintiff's first amended complaint. (Dkt. # 22.) On September 30, 2020, Judge Fricke granted Plaintiff leave to file an amended complaint. (Dkt. # 23.)

On December 29, 2020, Plaintiff filed his SAC. (SAC (Dkt. # 33).) In his SAC, Plaintiff amended his complaint to include former U.S. Attorney General Jefferson Sessions, ICE Attorney Charles Floyd, and GEO Group Officer "Cook" as additional named Defendants in their individual capacities. (*Id.* at 2-4.) Plaintiff's claims in his SAC allege the named GEO Group Defendants and Defendant Floyd violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by seizing and destroying multiple thumb drives containing his immigration documents and pleadings, by "expelling" his permanent resident application, by not

allowing him to readjust his immigration status, and by submitting false information concerning his immigration status. (*Id.* at 6-13.) Plaintiff alleges ICE failed to provide him with adequate medical care treatment, in violation of his rights under the Fifth and Eighth Amendment, after he injured his left shoulder getting out of his bunk bed and was denied follow-up medical treatment. (*Id.* at 14-19.) Plaintiff alleges GEO Group Defendants Langford, Scott, and Portillo violated his Fourth and Eighth Amendment rights by ordering facility officers to confiscate Plaintiff's medical equipment, which caused him to suffer further shoulder injury. (*Id.* at 16, 18.) Plaintiff alleges GEO Group Defendants Portillo, Wheeler, and Scott wrongfully allowed him to be terminated from his employment as a floor detailer at the NWIPC after he complained about a chest injury he allegedly suffered from inhaling a chemical used to treat the floor over an extended period of time. (*Id.* at 18.) Plaintiff alleges Defendant "Hillin" provided false information regarding this chest injury. (*Id.* at 19.) Finally, Plaintiff alleges Defendant Portillo violated his First Amendment right of access to the courts by denying him access to the NWIPC law library through his unit's tablet. (*Id.*) Plaintiff seeks monetary damages from the GEO Group Defendants and ICE based on the above-referenced violations. (*Id.* at 11, 16-17, 20.)

### III.  DISCUSSION

#### A.  Defendants' Motions to Dismiss

In order to sustain a cause of action under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A *Bivens* claim cannot be asserted against a federal agency or government officials in their official capacity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-486 (1994); *see Community House, Inc. v. City of Boise, Idaho*, 623

1   F.3d 945, 966-67 (9th Cir. 2010). In addition, the Supreme Court has barred *Bivens* claims
2   against independent contractors acting on behalf of a federal agency. *Corr. Servs. Corp. v.*
3   *Malesko*, 534 U.S. 61, 66 (2001). Because the purpose of *Bivens* is to deter individual federal
4   officers from committing constitutional violations, a *Bivens* action may only be maintained
5   against individuals acting under federal authority. *Id.* at 70-72.

6   To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
7   violation of his rights protected by the Constitution or created by federal statute; and (2) the
8   violation was proximately caused by a person acting under color of state law. *West v. Atkins*,
9   487 U.S. 42, 48 (1988); *Crumpton*, 947 F.2d at 1420. To satisfy the second prong, a plaintiff
10  must allege facts showing how individually named defendants caused or personally participated
11  in the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The
12  causation requirement of § 1983 is satisfied only if a plaintiff demonstrates a defendant did an
13  affirmative act, participated in another's affirmative act, or omitted to perform an act he was
14  legally required to do that caused the deprivation complained of. *Id.* (citing *Johnson v. Duffy*,
15  588 F.2d 740, 743-44 (9th Cir. 1978)).

16  Under a *Bivens* action, Plaintiff may sue a federal officer in his or her individual capacity
17  for civil rights violations under color of federal law. *See Bivens*, 403 U.S. at 388. However, as
18  noted above, the Supreme Court has declined to recognize the right to file a *Bivens* action against
19  federal agencies, which includes ICE. *See Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to
20  agencies of the Federal Government is not supported by the logic of *Bivens* itself.").
21  Consequently, Plaintiff's claims against ICE necessarily fail. Moreover, to the extent Plaintiff
22  attempts to raises § 1983 claims regarding ICE, they similarly fail because such claims must be
23  brought under color of federal law as *Bivens* claims. *See Morse v. N. Coast Opportunities, Inc.*,

REPORT AND RECOMMENDATION - 4

1  118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal

2  government actors.").

3        Plaintiff's *Bivens* claims regarding GEO Group Defendants have also been foreclosed by

4  the Supreme Court. The GEO Group Defendants are ineligible to be sued under *Bivens* because

5  the GEO Group functions as an independent contractor on behalf of ICE. *See Corr. Servs. Corp.*,

6  534 U.S. at 66. Furthermore, as noted above, a defendant may be held liable under § 1983 only if

7  the defendant was acting under color of state law at the time of the alleged constitutional

8  violation. Acting "under color of state law" requires that a defendant have exercised power

9  "possessed by virtue of state law and made possible only because the wrongdoer is clothed with

10  the authority of state law." *West*, 487 U.S. at 49 (1988) (quoting *United States v. Classic*, 313

11  U.S. 299, 326 (1941)). Plaintiff has failed to allege, or otherwise demonstrate, the named GEO

12  Group Defendants were acting under color of state law in order to maintain his § 1983 claims.

13        Finally, the Court notes Plaintiff's counsel has since agreed with Defendants that the

14  Supreme Court has foreclosed *Bivens* claims against federal agencies and their independent

15  contractors and that Plaintiff's § 1983 claims are missing the requisite element of state action.

16  (Pl.'s Resp. at 1.) Plaintiff's counsel therefore conceded none of Plaintiff's claims in this action

17  should be maintained. (*See id.*)

18       **B.**      **Remaining Defendants**

19        It appears from the docket that service of Plaintiff's SAC was not directed to Defendants

20  "Cook," Sessions, and Floyd after Plaintiff's submission of his SAC. (*See* Pl.'s SAC at 2-4.)

21  Nevertheless, dismissal of this action in full is proper in regard to the additional Defendants

22  added in Plaintiff's SAC because Defendant "Cook" is a GEO Group employee, Defendants

23

Session and Floyd were sued in relation to their affiliation to ICE, in addition to other related deficiencies.

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, dismissal of Defendant "Cook" is appropriate because he worked as an officer for GEO Group on behalf of ICE, and as discussed above, is precluded from suit under *Bivens* and § 1983 as GEO Group employee. *See Corr. Servs. Corp*, 534 U.S. at 66. In addition, Defendants Sessions was named in his individual capacity based on his position as U.S. Attorney General and in relation to his responsibility for monitoring ICE. (Pl.'s SAC at 2-3.) Although Plaintiff may bring suit against federal officers in their individual capacities for damages under *Bivens*, he must not merely rely on allegations of supervisory liability. *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (citing *Iqbal*, 556 U.S. at 675-76). As such, Plaintiff's SAC fails to plausibly allege facts demonstrating how Defendant Sessions personally participated in causing him constitutional harm based on his allegations that Defendant Sessions visited Oregon during Plaintiff's immigration proceedings and required an immigration judge to withdraw from his case. (*See* Pl.'s SAC at 7.)

Finally, Plaintiff's SAC generally alleges Defendant Floyd forged a document as an ICE government attorney, regularly attached the forged document to Plaintiff's immigration pleadings and submissions, and that he instructed a law librarian to destroy a thumb drive containing Plaintiff's immigration documents. (Pl.'s SAC at 6-9, 11-13.) However, Plaintiff's claims regarding Defendant Floyd are conclusory, and therefore, lack sufficient factual basis to demonstrate a plausible violation of Plaintiff's federal constitutional rights for a *Bivens* claim. Moreover, to the extent Plaintiff alleges evidence relevant to his immigration proceedings was improperly submitted and/or destroyed by an ICE attorney, such claims are more appropriately raised in Plaintiff's immigration habeas case. *See Gahano v. Renaud*, Case No. C20-1094-MJP-MLP (W.D. Wash.).

## IV.    CONCLUSION

For the foregoing reasons, this Court recommends Defendants' Motions (dkt. ## 42-43) be GRANTED, and that this matter be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 2, 2021**.

1  The Clerk is directed to send copies of this Report and Recommendation to the parties
2  and to the Honorable Marsha J. Pechman.

4  Dated this 12th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8